# Court of Appeals.

### January 17, 1893.

## PEOPLE v. WILLIAM HENRY PARKER.

(49 St. Rep. 884; 137 N. Y. 535.)

**1. Evidence—Homicide.**

Where the prosecution, on a trial of defendant for murder, proves that during the affray another person, using the same pistol with which defendant fired the fatal shot, shot at and wounded a third party, the evidence is harmless and competent as one of the circumstances attending the homicide.

**2. Witness—Credibility.**

Counsel, as witness for his client, may be asked, on cross-examination, whether he has a wager on the result of the trial, as bearing upon his credibility.

**3. Trial—Jury.**

    Where, after the jury have been brought into court and instructed by the judge, they again send word to him that they desire further instructions, and he informs them that he cannot give them further instructions as defendant's counsel is absent, this is not a violation of section 427 of the Code of Criminal Procedure.

**4. Same.**

    It is not error for the court after having fully charged the jury and again further instructed them, to refuse to procure the attendance of defendant's counsel in order that he might give still further instructions to them.

Appeal from judgment of the Niagara oyer and terminer, convicting defendant of murder in the first degree.

A. A. Mosell, for appellant.

P. F. King, dist. atty., for respondents.

EARL, J.—The defendant was convicted of the crime of murder in the first degree in killing John Ritsko at Niagara Falls, in March last. The crime was committed while the defendant and two companions, Charles Kelley and William Chambers, were making an assault upon a dwelling occupied by Ritsko and other Poles. There was some conflict in the testimony as to the circumstances of the homicide. But we think the proof is very clear and satisfactory that the fatal shot was fired by the defendant.

The prosecution proved that during the affray Kelley, using the same pistol that killed Ritsko, shot at and wounded Anthony Hoy, and the counsel for defendant now calls our attention to this evidence, now claims that it was incompetent. It was not objected to. Kelley and the defendant seemed to be acting in concert, and the assault by Kelley upon Hoy was during the same affray in which Ritsko was killed. The evidence was of no importance and could not have been harmful to the defendant, and it was competent as one of the circumstances attending the homicide.

The prosecution put in evidence certain incriminating letters written by the defendant in the prison where he was confined. It is claimed that they were improperly admitted in evidence,

because it was not sufficiently shown that they were in the handwriting of the defendant. We think that the evidence that the defendant wrote and sent the letters was sufficient for submission to the jury.

The defendant's counsel was sworn as a witness on his own behalf and gave evidence at the trial. On his cross-examination, he was asked "whether he had anything at stake in the trial," and he answered that he had wagered ten dollars that he would acquit the defendant. This cross-examination was not objected to. But the evidence was competent to show the interest of the witness in the result of the trial, and as bearing upon his credibility.

After the jury had retired to deliberate upon their verdict they were brought into court, and at the request of the defendant's counsel were further instructed by the judge. They again retired, and, after some time, they sent word to the judge by an officer that they desired further instructions, and he informed them that he could not give them further instructions as the defendant's counsel was absent. It is claimed that in making this communication to the jury he violated section 427 of the Code of Criminal Procedure. A refusal to make a communication is obviously not a communication within the meaning of that section. It certainly was not error for the court, having fully charged the jury, and again further instructed them, to refuse to procure the attendance of the defendant's counsel that he might still give further instructions to them. Whether he would give further instructions rested in his discretion. The case was a simple one, and it does not appear that the defendant could have been harmed for the lack of further instructions to the jury.

We see no reason to doubt that the conviction of the defendant was right, and the judgment should be affirmed.

All concur.